| | |
|---|---|
| Case No.    CV 17-6010 JLS (SS) | Date: January 31, 2018<br>Page 1 of 6 |

Title:    Antonio Mendoza v. Cynthia Entzel, Warden

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                            None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On August 14, 2017, Antonio Mendoza, ("Petitioner"), a federal prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. No. 1). The Petition arises from Petitioner's July 2, 2008 conviction in the Southern District of Indiana for conspiracy to possess and distribute methamphetamine and possession with intent to distribute. See Mendoza v. United States, 2013 WL 3895231, at *5 (S.D. Ind. July 26, 2013).[1] The Court sentenced Petitioner to life imprisonment, which was "the mandatory

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in the Seventh Circuit. See In re Korean Air Lines Co., Ltd., 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 17-6010 JLS (SS)                           Date: January 31, 2018
                                                         Page 2 of 6

Title:     Antonio Mendoza v. Cynthia Entzel, Warden

minimum sentence given the quantity of drugs and [Petitioner's] prior felony convictions." United States v. Mendoza, 346 Fed. App'x 112, 114 (7th Cir. 2009). The Seventh Circuit dismissed Petitioner's direct appeal on October 6, 2009. Id. at 116-17. On July 29, 2013, the Southern District of Indiana denied Petitioner's Motion under 28 U.S.C. § 2255 (the "2255 Motion"). See Mendoza, 2013 WL 3895231, at *5.

In his sole ground for habeas relief, Petitioner contends that pursuant to the Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013), his life sentence violates the Sixth Amendment because the trial judge, not the jury, made findings of fact regarding the quantity of drugs that triggered that mandatory minimum floor.[2] (Petition at 3). To determine if this Court has jurisdiction over Petitioner's claim, the Court must resolve whether the Petition is properly brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). If the Petition falls under § 2255, it must be brought before the sentencing court, which is the Southern District of Indiana. See id. at 865 ("§ 2255 motions must be heard in the sentencing court . . . ."). If the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California. See id. ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

---

[2] In Alleyne, the Supreme Court held that a "'fact that increases a sentencing floor . . . forms an essential ingredient of the offense' and, therefore, a defendant cannot be convicted of an aggravated drug offense unless the drug quantity that triggers the mandatory minimum sentence is either proved to a jury or admitted by the defendant." United States v. Carillo, 860 F.3d 1293, 1305 (10th Cir. 2017) (quoting Alleyne, 570 U.S. at 113)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 17-6010 JLS (SS)                         Date: January 31, 2018
                                                        Page 3 of 6

Title:      Antonio Mendoza v. Cynthia Entzel, Warden

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 864-65 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

Petitioner argues that he is "innocent of the sentence imposed in his case due to a change in law [in Alleyne]," which he claims, erroneously, has been made retroactive on collateral review. (Petition at 5). This is not an actual innocence claim. Plaintiff does not allege that he did not actually conspire to possess and distribute methamphetamine, or that he did not possess methamphetamine with intent to distribute; nor does he cite any new authorities that would render his conviction for these offenses unlawful. See Bousley v. United States, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."); see also Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (a claim of actual innocence for purposes of the escape hatch of § 2255 is tested under the Bousley standard); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (the mere assertion of innocence, without a showing of "evidence tending to show that [the petitioner] did not commit the [acts] underlying his convictions," is insufficient to satisfy the actual innocence standard). The failure to assert a claim of factual innocence appears to bar the Petition from qualifying for the § 2255 escape hatch on that ground alone. Muth, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

However, Petitioner also has not shown that he did not have "an unobstructed procedural shot" to present his claim, even though Alleyne was decided after Petitioner filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 17-6010 JLS (SS)                    Date: January 31, 2018
                                                    Page 4 of 6

Title:       Antonio Mendoza v. Cynthia Entzel, Warden

his § 2255 Motion, and shortly before that Motion was denied. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison, 519 F.3d at 960 (emphasis added). "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." Gibbs v. United States, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); see also Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting Harrison, 519 F.3d at 960). The Ninth Circuit has squarely found that "the Supreme Court has not made Alleyne retroactive to cases on collateral review." Hughes v. United States, 770 F.3d 814, 815 (9th Cir. 2014). Therefore, Alleyne does not appear relevant to any challenge that Petitioner might raise to his earlier conviction and sentence, and will not provide a basis for establishing that he has not had an unobstructed procedural shot to present his claim. See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (Alleyne claims do not qualify for § 2255 escape hatch because Alleyne does not apply retroactively on collateral review); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017) ("Alleyne claims cannot be raised under § 2241.").

Accordingly, it appears that the Petition must proceed under § 2255. Because the Petition is a disguised § 2255 motion, it must be brought in the jurisdiction of the sentencing court, which is the Southern District of Indiana. See Hernandez, 204 F.3d at 865.

The Court further notes that Petitioner's claim appears to be untimely. A federal prisoner ordinarily has only one year from the date that his conviction becomes final to file a federal habeas petition pursuant to section 2255. See 28 U.S.C. § 2255(f)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on January 4, 2010, ninety days after the Seventh Circuit Court of Appeals dismissed Petitioner's appeal on October 6, 2009. (See Petition at 2); see also Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 17-6010 JLS (SS)                    Date: January 31, 2018
                                                    Page 5 of 6

Title:       Antonio Mendoza v. Cynthia Entzel, Warden

AEDPA's limitations period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days after the entry of judgment). Section 2255 also provides that the one-year statute of limitations may begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, because Alleyne has not been made retroactively applicable to cases on collateral review, § 2255(f)(3) does not apply. See Gillespie v. United States, 2014 WL 12722173, at *5 (C.D. Cal. Aug. 29, 2014) ("[T]he Alleyne rule does not apply retroactively and does not affect the date on which the one year statute of limitations under section 2255(f) began to run."). Accordingly, absent tolling, the statute of limitations expired on January 4, 2011, more than six and a half years before Petitioner filed this action.

The statute of limitations may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 645 (2010). Here, however, the Petition does not allege any facts showing an entitlement to equitable tolling. Accordingly, the Petition appears to be untimely.

Finally, because Petitioner has already filed a § 2255 motion, the Petition, construed as a § 2255 motion, appears to be successive. See Mendoza, 2013 WL 3895231, at *5 (denying Petitioner's § 2255 motion). "A petitioner is generally limited to one motion under § 2255." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Harrison, 519 F.3d at 955 (quoting 28 U.S.C. § 2255(h)). Accordingly, unless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 17-6010 JLS (SS) | Date: January 31, 2018 |
| | Page 6 of 6 |

Title:    Antonio Mendoza v. Cynthia Entzel, Warden

and until Petitioner obtains authorization from the relevant Court of Appeals to file a second § 2255 motion, a district court appears to lack jurisdiction to hear his claim.

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why the Magistrate Judge should not recommend that the action be dismissed for lack of jurisdiction. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why the Petition: (1) qualifies for the escape hatch of section 2255, (2) is not untimely, and (3) is not successive.** This Order is not dispositive of any claim but only gives notice to Petitioner of what the Magistrate Judge may recommend to the District Judge.

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.